IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN DAVID, etc., et al.,

                Plaintiff,             Case No. 3:13 CV 2553

-vs-

                                          MEMORANDUM OPINION

CITY OF BELLEVUE, OHIO, et al.,

                Defendant.

KATZ, J.

Karen David, individually and as Executrix of the Estate of James David, Sr., James David, Jr., and Stacy Thomsen sued the City of Bellevue, Ohio; the City of Bellevue Police Department; City of Bellevue Police Chief Dennis Brandal; City of Bellevue Sergeant Jeffrey Matter; and City of Bellevue Patrolman Erik Lawson pursuant to 42 U.S.C. § 1983, and the Second, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiffs also alleged state law claims of negligence, negligent training, negligent supervision, negligent hiring, respondeat superior, wrongful death, excessive force, loss of consortium, and negligent infliction of emotional distress.

On January 27, 2014, the Defendants moved for a partial judgment on the pleadings. (Doc. No. 7). The case was stayed pursuant to 11 U.S.C. § 362 because one of the defendants filed for bankruptcy. (Doc. No. 9). The case was subsequently reactivated. (Court Order of May 13, 2014). On June 10, 2014, the Plaintiffs moved for leave to amend their complaint. (Doc. No. 12). The Court granted Plaintiffs until June 17, 2014, to file an amended complaint. (Court Order of June 11, 2014). The Plaintiffs have not filed an amended complaint or responded to the motion for a partial judgment on the pleadings.

I. Jurisdiction and Venue

The Court finds that it has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. The Court also finds that venue is properly before this Court. *See* 28 U.S.C. § 1391; N.D. Ohio R. 3.8.

II. Standard of Review

The Defendants have unfortunately provided conflicting reasons for their motion to dismiss. The Defendants titled their motion as one "for partial judgment on the pleadings." This would implicate a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c). *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, in the text of their motion, the Defendants state the complaint "fails to state a claim" for various reasons. This language implicates that the motion to dismiss is pursuant to Federal Rule of Civil Procedure 12(b)(6). *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013).

To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Sixth Circuit has noted that it has applied these now-familiar pleading requirements outlined in *Twombly* and *Iqbal* to motions for judgment on the pleadings under Rule 12(c). *HDC,*

*LLC*, 675 F.3d at 611. Therefore, whether Defendants' motion is made pursuant to Rule 12(b)(6) or Rule 12(c), the Court's review is the same. *Id*.

### III. Discussion

The case stems from the shooting death of James David, Sr., on September 22, 2010, by Bellevue police officers Matter and Lawson. Plaintiffs initially filed a pro se complaint on September 20, 2012. This complaint was dismissed without prejudice on November 20, 2012. *Estate of David v. City of Bellevue*, No. 12-cv-2359 (N.D. Ohio Nov. 20, 2012) (order). Plaintiffs, who are now represented by counsel, subsequently refiled their complaint on November 18, 2013. For simplicity, the applicable facts regarding each allegation will be individually addressed.

A. 42 U.S.C. § 1983

To state a cause of action pursuant to § 1983, "a plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Barrett v. Steubenville City Sch.*, 388 F.3d 967, 971 (6th Cir. 2004) (internal quotation marks and citation omitted). Plaintiffs allege that the Defendants violated their rights under multiple amendments to the United States Constitution. Because the Plaintiffs are alleging that several of their constitutional rights were violated, their use of § 1983 as the mechanism to vindicate their rights is proper.

B. Eighth Amendment

Plaintiffs allege that the defendants violated Mr. David's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiffs state that Mr. David was sitting in a chair located on his property when Matter and Lawson approached. Plaintiffs state that Matter and

3

Lawson inflicted "cruel and unusual punishment" upon Mr. David through their use of excessive force when they shot and killed Mr. David in "direct contravention of the Eighth Amendment."

In *Aldini v. Johnson*, 609 F.3d 858 (6th Cir. 2010), the court stated:

> "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor,* 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). "[T]he two primary sources of constitutional protection against physically abusive governmental conduct" are the Fourth and Eighth Amendments. *Id.* The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that "arise[ ] in the context of an arrest or investigatory stop of a free citizen," *id.,* while the Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences. *See Whitley v. Albers,* 475 U.S. 312, 318–322, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). When neither the Fourth nor the Eighth Amendment serves to protect citizens, courts have applied the Fourteenth Amendment. *Lanman v. Hinson,* 529 F.3d 673, 680–81 (6th Cir. 2008).
>
> The Supreme Court has deliberately left undecided the question of "whether the Fourth Amendment continues to provide protection against deliberate use of excessive force beyond the point at which arrest ends and pretrial detention begins." *Graham*, 490 U.S. at 395 n.10, 109 S. Ct. 1865. A circuit split has emerged from this legal "twilight zone," *Wilson v. Spain,* 209 F.3d 713, 715 (8th Cir. 2000), with courts choosing between the Fourth Amendment and the Fourteenth Amendment to protect those arrested without a warrant between the time of arrest and arraignment. The standards of liability for these causes of action vary widely, *see Darrah v. City of Oak Park*, 255 F.3d 301, 306 (6th Cir. 2001) ("A substantially higher hurdle must be surpassed to make a showing of excessive force under the Fourteenth Amendment than under the 'objective reasonableness' test of [the Fourth Amendment] . . . ."), and which amendment applies depends on the status of the plaintiff at the time of the incident, whether free citizen, convicted prisoner, or something in between. *See Gravely v. Madden,* 142 F.3d 345, 348–49 (6th Cir. 1998).
>
> As we noted in *Phelps* [*v. Coy*, 286 F.3d 295 (6th Cir. 2002)], if the plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff, the plaintiff's claim is governed by the Fourth Amendment's reasonableness standard. 286 F.3d at 299–300 (citing *Graham,* 490 U.S. at 395, 109 S. Ct. 1865). That standard requires that an officer's use of force be objectively reasonable, balancing the cost to the individual against the government's interests in effecting the seizure, and entails "deference to the officer's on-the-spot judgment about the level of force necessary in light of the

circumstances of the particular case." *Id.* (citing *Katz,* 533 U.S. at 204–05, 121 S. Ct. 2151). The officer's subjective intentions are irrelevant to the Fourth Amendment inquiry. *Id.* (citing *Graham,* 490 U.S. at 397, 109 S. Ct. 1865).

On the other hand, if a plaintiff is in a situation where his rights are not governed by either the Fourth or the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment protects the individual against physical abuse by officials. *Darrah*, 255 F.3d at 305–06. Specifically, "[i]t is clear . . . that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham,* 490 U.S. at 395 n.10, 109 S. Ct. 1865. According to the Supreme Court, a pre-trial detainee is one who "has had only a 'judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest.'" *Bell v. Wolfish,* 441 U.S. 520, 536, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) (citing *Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975)).

*Aldini*, 609 F.3d 864–65 (footnotes omitted).

Although Plaintiffs seek to raise an Eighth Amendment cruel and unusual punishment claim, *Aldini* establishes that Plaintiffs do not have a cause of action under the Eighth Amendment. *Aldini* explains that the status of the plaintiff at the time of the incident in question, whether a free citizen, convicted prisoner, or something in between, determines which constitutional amendment, Fourth, Eighth, or Fourteenth, is applicable. *Id*. In this case, Mr. David was a free citizen when the incident occurred. The Eighth Amendment bans cruel and unusual punishment to excessive-force claims brought by convicted criminals who are serving their sentences. *Id*. at 864. Because Mr. David was not a convicted criminal serving a sentence at the time he was shot, the Eighth Amendment does not provide a cause of action for the Plaintiffs. Therefore, the Eighth Amendment claim is dismissed for failure to state a claim upon which relief can be granted.

C. Police Department

Plaintiffs have named the City of Bellevue Police Department as a defendant. However, the department has no legal existence separate from the City of Bellevue. Therefore, the

department is not capable of being sued. *See Moldowan v. City of Warren*, 578 F.3d 351, 367 (6th Cir. 2009); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 301 (6th Cir. 2005); *Glenn v. Walker*, 65 F. App'x 53, 54 (6th Cir. 2003); *Wilson v. Stark Cty. Dep't of Human Servs.*, 639 N.E.2d 105, 107–08 (Ohio 1994) (noting that in circumstances such as this, the City of Bellevue is the real party in interest as an action against a city department is a claim against the city).

D. Claims Against Police Chief Dennis Brandal

Plaintiffs allege that Chief Brandal was responsible for the hiring, training, supervision, and conduct of Matter and Lawson. They state that Chief Brandal deprived Mr. David of his civil rights because of his failure to properly hire, train, supervise, and manage the conduct of Matter and Lawson. "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *see also Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Plaintiffs have not alleged that Chief Brandal committed any actual acts against Mr. David, nor have they averred that Chief Brandal acquiesced in the conduct of his subordinates. Therefore, Plaintiffs' allegations against Chief Brandal are dismissed.

E. Second Amendment Claims

Defendants contend that the Plaintiffs' Second Amendment claims are barred by Ohio's two-year statute of limitations. A claim for a constitutional violation under § 1983 in Ohio is

subject to a two-year statute of limitations. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

As previously noted, Mr. David was killed on September 22, 2010, by Bellevue police officers. The complaint was initially filed on September 20, 2012, but was dismissed without prejudice on November 20, 2012. The case was subsequently refiled on November 18, 2013.

Under Ohio Rev. Code § 2305.19(A),

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

*See also Goings v. LewiSystems, Inc.*, No. 98-3592, 1999 WL 435167, at *1–2 (6th Cir. June 17, 1999).

To take advantage of the requirements of § 2305.19(A), the original suit and the new complaint must be substantially the same. *Children's Hosp. v. Ohio Dep't of Public Welfare*, 433 N.E.2d 187, 189 (Ohio 1982). Here, however, the complaints are not substantially similar regarding Plaintiffs' Second Amendment allegations because Plaintiffs failed to raise a Second Amendment claim in their initial complaint. As such, the Second Amendment claim is not saved by § 2305.19(A) and this allegation is barred by Ohio's two-year statute of limitations. *Browning*, 869 F.2d at 992.

F. Fifth and Fourteenth Amendments

Plaintiffs allege that Mr. David's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated. The Sixth Circuit has explained,

> As we noted in *Phelps* [*v. Coy*, 286 F.3d 295 (6th Cir. 2002)], if the plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff, the plaintiff's claim is governed by the Fourth Amendment's reasonableness standard. 286 F.3d at 299–300 (citing *Graham,* 490 U.S. at 395, 109 S. Ct. 1865). That standard requires that an officer's use of force be objectively reasonable, balancing the cost to the individual against the government's interests in effecting the seizure, and entails "deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Id.* (citing *Katz,* 533 U.S. at 204–05, 121 S. Ct. 2151). The officer's subjective intentions are irrelevant to the Fourth Amendment inquiry. *Id.* (citing *Graham,* 490 U.S. at 397, 109 S. Ct. 1865).

*Aldini*, 609 F.3d 865.

The court stated that because the Fourth Amendment controls the permissible duration of "warrantless, post-arrest, pre-arraignment custody," the amendment must also "apply to evaluate the *condition* of such custody." *Id*. at 866 (citations and internal quotation marks omitted) (emphasis in original). The court stated that establishing the line between Fourth and Fourteenth Amendment protections at the probable-cause hearing creates an incentive to hold the hearing as soon as possible, which is beneficial to the judicial process. *Id*. The Sixth Circuit joined the Ninth and Tenth Circuits in establishing the dividing line between the Fourth and Fourteenth Amendment protections at the probable-cause hearing. *Id*. at 867. Because Mr. David had not been arrested, nor had he been brought before a judicial officer for a probable-cause hearing at the time of the shooting, the due process provisions of the Fifth and Fourteenth Amendments are not applicable. Therefore, these claims are dismissed.

G.  Supplemental State Law Claims

8

Defendants have moved to dismiss Plaintiffs' 1) loss of consortium, 2) state law claims against the City of Bellevue, and 3) excessive force claims. This Court may decline to exercise supplemental jurisdiction over state-law claims if this Court "has dismissed all claims over which it has original jurisdiction . . . .". 28 U.S.C. § 1367(c)(3), Although this Court has dismissed several of Plaintiffs' federal claims for the various reasons stated in this decision, the Court will hold in abeyance a ruling on the Defendants' motion to dismiss these state-law claims. The reason that these claims are being held in abeyance is because this ruling dismisses only some, but not all, of the Defendants and federal law claims. As some of Plaintiffs' federal claims still exist in this case, it would be premature for the Court to decide at this time whether it will use its discretion and decline to exercise supplemental jurisdiction over these and Plaintiffs' remaining state-law claims. *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012).

## IV. Conclusion

Accordingly, Plaintiffs' Second, Fifth, Eighth, and Fourteenth Amendment claims are dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted. (Doc. No. 7). Plaintiffs' allegations against the City of Bellevue Ohio Police Department and Bellevue Police Chief Dennis Brandal are also dismissed pursuant to Rule 12(b)(6). Defendants' motion to dismiss Plaintiffs' 1) loss of consortium, 2) state law claims against the City of Bellevue, and 3) excessive force claims are denied as premature at this time.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE